Groesbeck, C. J.,
(dissenting.) I concur in the result reached by my learned brethren. I do not think, however, that the failure to prove the venue is a sufficient ground for the discharge of the petitioner, however fatal such a lack of proof would be on the trial of a criminal case. This defect can be supplied in habeas corpus proceedings reviewing the action of a committing magistrate, under section 1296 of the Revised Statutes, which provides that the replication to the answer and return to the petition for habeas corpus may deny the sufficiency of the testimony to justify the action of the committing magistrate, on the trial of which issue all written testimony before such magistrate may be given in evidence before the court or judge hearing the writ,in connection with any other testimony which may then be produced; and also under the provisions of section 1301, Rev. St., which states that, “although thecommitment of the plaintiff may have been irregular, still, if the court or judge is satisfied from the evidence before them that he ought to be held or committed, either for the offense charged or any other, the order may be made accordingly.” In effect, these provisions of the habeas corpus act operate as an appeal from the action of the committing magistrate, — a practice that is recognized by statute in many jurisdictions, and approved by the law-writers. Under the constitution of this state this court is clothed with original jurisdiction in ha-beas corpus, and exercises this jurisdiction in the method prescribed by law. I have no doubt that the statutory power to hear additional evidence includes the right to hear such evidence as may supply and cure defects in the preliminary examination, or that may tend to establish the guilt or innocence of the petitioner.
The complaint in this case was brought under section 1046 of the Revised Statutes, which makes it a felony, after once selling, bartering, or disposing of any tract of land, etc., to knowingly and fraudulently sell, barter, or dispose of the same. The proof shows that the petitioner mortgaged a tract of land, and afterwards sold the same to the prosecuting witness. Under a statute similar to ours, the supreme court of California held that the giving of a mortgage on land, and after-wards selling the same, did not fall within the provisions of the statute of that state, as the prior mortgaging of the premises could not be deemed to be a disposing of the same, within the intent of the statute, as the purpose of the act was confined to dealings concerning the title to the property, and looking to the parting with the title to it; and that, if merely to mortgage is to dispose of lands with *415 in the act, then to give a second mortgage would be to dispose oE them a second time, and would or might be a crime; and, further, that under the same reasoning it would be a criminal offense for one to convey lands upon which he had already placed an incumbrance by way of mortgage. People v. Cox, 45' Cal. 342. This reasoning is sound, and can well be applied to the parallel case before us. Penal statutes must be strictly construed, and nothing can be injected into a criminal statute to extend its terms, or to include by inference or implication other offenses than those clearly defined therein. As it appears from the evidence that the acts of the petitioner did not constitute an offense as defined by tlie statute upon which it is admitted the complaint was made, he was rightfully discharged.